See also, 727 F.Supp. 486.

**Gary L. FAULKNER, Plaintiff,**

v.

**Richard McLOCHLIN, Defendant.**

**No. S88–588.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 16, 1990.

Earl I. Studtmann, Portage, Ind., for plaintiff.

F.E. Rakestraw, Rochester, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This matter comes before the court on a motion by plaintiff's attorney Earl Studtmann for attorney fees in the amount of $4,986.00 pursuant to 42 U.S.C. § 1988. The defendant, Sheriff Richard McLochlin, objects to the motion and requests that the court deny or strictly limit any fee award to the plaintiff and that the court award the defendant attorney fees of $3,230.00 against the plaintiff because the plaintiff's claims were frivolous and brought for the purpose of harassment and embarrassment. Mr. Faulkner objects to the defendant's motion on the ground that it is untimely, but has not responded otherwise to Sheriff McLochlin's arguments.

### Timeliness

Judgment herein was entered on October 31, 1989. Mr. Faulkner's motion for attorney fees was filed on November 13, and Sheriff McLochlin's objections and motion for attorney fees was filed on November 21. Pursuant to District Rule 43, the parties have ninety days within which to file requests for attorney fees. Accordingly, both motions were timely.

### Background of the Litigation

Plaintiff Gary Faulkner, while a detainee awaiting trial on state charges in the Fulton County Jail, filed a *pro se* action against the sheriff, prosecutor, and judge of Fulton County, Indiana, alleging that his legal mail was opened outside his presence, that his phone calls were tape-recorded, that his conversations with his stand-by counsel were electronically monitored, and that disciplinary action was taken against him in retaliation for his criticism of court and jail officials for the recording of legal phone calls and censorship of legal letters. The court appointed counsel for Mr. Faulkner, and the claim that his legal mail was opened outside of his presence was the only claim to survive a motion to dismiss and a motion for summary judgment. At trial, Mr. Faulkner established that his constitutional rights were violated by the opening, outside his presence, of three pieces of legal mail. Mr. Faulkner received $1.00 in nominal damages.

### Prevailing Party

42 U.S.C. § 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 920318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The court must first consider whether Mr. Faulkner was the prevailing party. A plaintiff may be considered a prevailing party under § 1988 if he succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing the suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Zook v. Brown,* 865 F.2d 887, 895 (7th Cir.1989). Under this standard, Mr. Faulkner is a prevailing party. What constitutes legal mail and a pretrial detainee's right to be present when his legal mail is opened were significant issues in this case, and Mr. Faulkner achieved some of the benefit he sought in filing suit by obtaining an order that his constitutional rights were violated when his legal mail was opened outside of his presence. As the Supreme Court noted in *Hensley,* "This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'rea-

sonable.'" *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939.

The *Hensley* Court went on to set a standard for determining fees when the plaintiff has achieved only limited success. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434, 103 S.Ct. at 1940. Further, if the unsuccessful claims are frivolous, the defendant may recover attorney fees incurred in responding to those unsuccessful claims. *Id.* at 435 n. 10, 103 S.Ct. at 1940 n. 10.

### Calculation of Fees for a Prevailing Plaintiff

■ Mr. Faulkner achieved only limited success on his civil rights claim, and thus the court looks to *Hensley* for guidance in determining fees. The court must first multiply the hours reasonably expended by a reasonable hourly rate to arrive at the "lodestar" figure. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939; *Jackson v. Illinois Prisoner Review Board*, 856 F.2d 890, 894 (7th Cir.1988). Mr. Faulkner's counsel submitted a petition for 55.4 hours at $90.00 per hour. Attorney Studtmann's hourly rate of $90.00 is a reasonable rate in the community and Sheriff McLochlin did not challenge it.

However, Mr. Faulkner failed to prevail on any of his claims that his mail was held, that his phone calls and conversations were monitored, or that he was disciplined in retaliation for criticizing jail and court officials. Under the *Hensley* analysis, unsuccessful claims that are wholly unrelated to successful claims in the litigation must be treated as if they had been raised in separate lawsuits and, therefore, no fee may be awarded for services on the unsuccessful claim. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. As noted previously, Mr. Faulkner raised these claims while proceeding *pro se*. After counsel was appointed, the claim of disciplinary retaliation was dropped at the summary judgment stage and the claims against the prosecutor and judge were dismissed.

Mr. Faulkner's counsel expended numerous hours researching case law on telephone monitoring of prisoners and legal mail of inmates, preparing a response to the summary judgment motion, reviewing letters to and from Mr. Faulkner regarding his state appeal, and letters from Mr. Faulkner regarding the judicial nominating committee. Mr. Faulkner's counsel also spent time on a discovery dispute with the defendants who ultimately were dismissed from the case. While not all of the time researching the law, visiting the client, and preparing the response should be excluded, the court's review of the fee petition indicates that 9.9 hours were apparently spent on claims wholly unrelated to the one successful claim.

Under the second step of the *Hensley* analysis, if there are any unsuccessful claims that are related to the successful claim, the court must inquire whether the plaintiff achieved a level of success on the remaining claims in the litigation that warrants full compensation for all the remaining hours in the fee petition. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. If the plaintiff achieved excellent results, no reduction is warranted simply because the plaintiff failed to prevail on every contention raised in the lawsuit. *Id.*

Mr. Faulkner did not succeed on his related claims that all his mail was routinely held, opened, and read, nor did he achieve "excellent" results on the other claim. The court found that Mr. Faulkner was not a credible witness and attributed no weight to any of his testimony that was contradicted by other testimony. Thus, the only mail Mr. Faulkner established had been opened outside of his presence were three items that Sheriff McLochlin admitted were opened by jail personnel. Mr. Faulkner received only nominal damages on his one successful claim.[1] "Nominal damages are

---

1. That the fee award may properly exceed the amount of money damages recovered where the "deprivation of a constitutional right necessarily results in only nominal pecuniary damages" was established in *Riverside v. Rivera*, 477 U.S.

not compensation for loss or injury, but rather recognition of a violation of rights. Nominal damages do not measure anything." *Redding v. Fairman,* 717 F.2d 1105, 1119 (7th Cir.1983), *cert. denied* 465 U.S. 1025, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984).

Since Mr. Faulkner achieved but limited success, the court must consider whether a reduction in the fee award is required because the time expended by plaintiff's counsel was not reasonable in relation to the success achieved. *Jackson v. Illinois Prisoner Review Board,* 856 F.2d 890, 895 (7th Cir.1988); *Zook v. Brown,* 865 F.2d 887, 896 (7th Cir.1989). This can be accomplished by identifying specific hours that should be eliminated or by simply reducing the award to account for the limited success. *Hensley,* 461 U.S. at 436–37, 103 S.Ct. at 1941; *Texas State Teachers v. Garland Independent School District,* —— U.S. ——, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989).[2] Viewing the litigation in its entirety and taking into account Mr. Faulkner's success, albeit limited success, on one significant issue in the litigation, the court finds that a reduction by one-third of the remaining compensable hours is appropriate. Counsel's original 55.4 hours are reduced, first by the 9.9 hours spent on unsuccessful claims, and then by 15.2 hours to reflect limited success, leaving 30.3 hours to be compensated at an hourly rate of $90.00.

### *Defendant's Entitlement to Fees*

■ The court next considers Sheriff McLochlin's contention that he be awarded attorney fees for two-thirds of his attorney's listed time which he contends was spent investigating and preparing to defend against allegations for which there was no reasonable basis and upon which he prevailed.

Consistent with the *Hensley* principle that claims based on different facts and legal theories be treated as if they were raised in separate lawsuits, a defendant can be a prevailing party as well and recover fees for defending against a plaintiff's unsuccessful claim that is frivolous, or asserted in bad faith, and is unrelated to the successful claim. *Hensley v. Eckerhart,* 461 U.S. at 435 n. 10, 103 S.Ct. at 1940 n. 10; *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

Sheriff McLochlin prevailed at the summary judgment stage on all claims other than the legal mail claim, as that was the sole issue to go to trial. Until the trial in this case, the court was unable to assess the merits of the allegations of frivolousness raised by Sheriff McLochlin. After having the opportunity to gauge Mr. Faulkner's credibility while under oath at trial, the court agrees with Sheriff McLochlin's argument that had the plaintiff limited his claims to those elements which were truthful, and for which there was a reasonable basis for making a claim, both the prosecution and defense of this action could have been accomplished with much less expenditure of attorney time on both sides.

Sheriff McLochlin contends that two-thirds of his fifty-seven total claimed hours were spent defending against the frivolous claims. However, a review of the fee petition indicates that twenty-five of the total claimed hours were incurred after the court's summary judgment ruling. That order effectively narrowed the issue for trial to the legal mail claim on which Mr. Faulkner prevailed. Accordingly, only the thirty-two hours prior to the court's ruling can be considered as involving time spent on unreasonable claims. That Sheriff McLochlin spent two-thirds of his time prior to the court's ruling on the summary judgment motion successfully defending claims for which there was no reasonable

---

561, 594, 106 S.Ct. 2686, 2704, 91 L.Ed.2d 466 (1986) (Rehnquist, J., dissenting).

**2.** Although Sheriff McLochlin argues that Mr. Faulkner should be denied any fee award, *Garland* establishes that the degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all. *Texas State Teachers v. Garland Independent School District,* 109 S.Ct. at 1492.

basis entitles him to attorney fees for 21.3 hours.

### Conclusion

Based on the foregoing, the court now AWARDS attorney fees to the plaintiff's attorney in the amount of $2,727.00 and AWARDS attorney fees to the defendant in the amount of $1,810.00. The clerk shall assess these sums as costs against the respective parties.

SO ORDERED.